**Ann Jennings STUART, Defendant Below, Appellant,**

v.

**Joseph S. RIZZO and Ann Marie Rizzo, Plaintiffs Below, Appellees.**

Supreme Court of Delaware.

Dec. 15, 1967.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM.

Plaintiff below, appellee has moved to dismiss the appeal, or for such other relief as may seem just, on the ground that the defendant below, appellant failed to file her opening brief and failed to otherwise prosecute the appeal, in violation of the Rules of this Court.

On May 15, 1967, a jury verdict was entered in favor of the plaintiff Joseph S. Rizzo, and judgment was entered thereon. The defendant filed an appeal on July 12, 1967, thereby expending almost the entire 60 day period of limitations. '10 Del.C.

§ 145; Supreme Court Rule 23, Del.C. Ann. Nothing more was done by the appellant until December 7, 1967 when, after the filing of this motion to dismiss and the scheduling of a conference with the Chief Justice, the appellant filed her opening brief and appendix.

Rule 8 of this Court required the appellant to file her opening brief within 30 days after the filing of the record in this Court. This period expired on August 26, 1967.

Rule 27 of this Court provides:

### "RULE 27. DELAYS

"(1) Extensions of Time. Stipulations for extensions or enlargements of time must be approved by the Court.

"(2) Penalty for Delay. Upon failure of a party to file his brief within the time specified in these rules, or upon his failure to appear for argument or to take any step in the cause at the time required, the Court may enter a default decree against the offending party, or may take disciplinary action against the party or counsel, or give such other relief as may seem just in the circumstances."

The appellant failed to apply for an extension or enlargement of the time for the filing of her opening brief. It appears that the appellee's attorney importuned counsel for the appellant from time to time to go forward with the appeal, but to no avail. The appellant's attorneys candidly state that no good reason can be given for the failure to prosecute the appeal.

We decline to dismiss the appeal in view of the fact that the appellant has now filed her opening brief and appendix and the case is in position to go forward without further delay. However, we may not countenance a continuing disregard of the Rules of this Court. We may not permit the Rules to be ignored as they were here. If the time schedules provided by the Rules are to be efficacious, the Rules must be enforced.

Accordingly, we are impelled to impose a sanction in this case: There will be taxed as costs against the appellant, under Rule 27, the sum of $100. as counsel fees for appellee's attorney for the additional services required of him by reason of the appellant's noncompliance with the Rules of this Court.